**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DR. SHARON MCCRAE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| PUBLIC HEALTH MANAGEMENT | : | DOCKET NO. 2:23-cv-04803 GJP |
| CORPORATION | : | |

**AMENDED COMPLAINT**

**AND NOW**, Plaintiff, Dr. Sharon McCrae by and through her attorneys hereby submits this Amended Complaint and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, Dr. Sharon McCrae ("Plaintiff" or "Dr. McCrae"), is an adult individual residing at 421 Mayfield Avenue, Elkins Park, PA 19027.

2. Defendant, Public Health Management ~~Public Health Management~~ Corporation ("Defendant" or "PHMC"), is a Pennsylvania corporation which conducts business in the Commonwealth of Pennsylvania with an address at 1500 Market St., Philadelphia PA 19102.

3. At all times relevant hereto Defendant, PHMC, acted by and through its authorized agents, servants, contractors, and/or employees acting within the course and scope of their employment with PHMC or authorized by PHMC in furtherance of its business.

4. At all times relevant hereto Defendant, PHMC, through an affiliate named "Turning Points for Children" manages several Community Umbrella Agencies ("CUAs") that provide foster care services to families and assistance to children impacted by abuse and neglect.

5. The CUAs are part of a citywide incentive led by the Philadelphia Department of Human Services ("DHS") pursuant to which Defendant PHMC is responsible for the safety, well-being, and placement of over 5000 children and their families across four CUAs.

6. Defendant, PHMC provides the above services pursuant to a multi-million-dollar contract with DHS.

**JURISDICTION AND VENUE**

7. This Court has personal jurisdiction over Defendant because, *inter alia*, it regularly does business in Pennsylvania, and the facts underlying this action took place in Pennsylvania.

8. Venue in this court is proper, because, *inter alia*, Defendant, PHMC is headquartered in Philadelphia, and regularly conducts business in Philadelphia.

**FACTS**

9. Dr. McCrae was hired at PHMC on November 14, 2022, as Managing Director of Organizational Development and Learning, after completion of PHMC's recruitment and selection process.

10. On her first day of employment, Dr. McCrae's immediate supervisor, Celeste Collins ("Ms. Collins") made a comment about her age, calling her a "mature woman of a particular age." She repeated this comment on several occasions over the course of her employment.

11. On her first day of employment, Dr. McCrae was told by Ms. Collins, that Dr. McCrae's assistant Rachael Fleischman ("Ms. Fleischman") "comes to work late and leaves early and does not complete her times sheets."

12. On her first day of employment, Dr. McCrae noticed that Ms. Fleischman came to work late and left early and falsely indicated on the timesheet that she worked a full day.

13. Several days later, Dr. McCrae told Ms. Collins, that she was concerned that Ms. Fleischman's falsification of timesheets was a violation of Company policy and should be reported. In response, Ms. Collins raised her voice and stated angrily "it is not about policies. It is about relationship building."

14. Thereafter, Dr. McCrae wrote an email to Ms. Collins, confirming in writing Ms. Fleischman's falsification of timesheets. Whereupon Ms. Collins called Dr. McCrae into her office and furiously chastised her for "putting it in writing." Dr. McCrae responded to Ms. Collins stating: "I am required to follow the whistleblower policy and report policy violations to my manager…I am not comfortable with approving information that I know is incorrect."

15. Thereafter, Dr. McCrae refused to approve Ms. Fleischman's timesheets.

16. Upon information and belief, Ms. Fleischman was never reprimanded or disciplined for her falsification of timesheets.

17. On her first day of employment, Dr. McCrae was told by Ms. Collins that several "Meet and Greet Meetings" would be scheduled with members of the senior management team so that she would be acquainted with other senior management personnel.

18. Thereafter, after repeated requests by Dr. McCrae and several senior management team members, meetings were scheduled several months into her

employment. The delay caused a significant delay in Dr. McCrae's ability to support members of the senior management team.

19. During her employment with PHMC, Dr. McCrae was only invited to participate in one senior management team meeting, and she was summoned to join the meeting after it was in progress. Upon Dr. McCrae's arrival, she noticed that two other younger members of Ms. Collins' team were already present.

20. The late invitation to Dr. McCrae to join the meeting resulted in her not receiving pertinent information that was relevant to the performance of her job.

21. During Dr. McCrae's employment with PHMC, Ms. Collins made numerous negative comments about her age, including questioning her ability to learn new tasks.

22. During her employment with PHMC, Dr. McCrae received less job training than younger employees who were working in substantially similar management roles.

23. During her employment with PHMC, Dr. McCrae was subject to demeaning behavior by Ms. Collins and her younger subordinate, Ms. Fleischman.

24. During her employment with PHMC, Ms. Fleischman told numerous lies about Dr. McCrae to Ms. Collins, causing Ms. Collins to reprimand Dr. McCrae in a very hostile, disrespectful, and demeaning manner in public.

25. During her employment with PHMC, Dr. McCrae was not given the same access to important job related information that was given to younger employees who were working in substantially similar management roles.

26. During her employment with PHMC, Dr. McCrae was not included on the senior leadership email distribution list, and therefore did not receive valuable and

timely information that was disseminated to younger employees who were working in substantially similar management roles.

27. During her employment with PHMC, Dr. McCrae was not listed on PHMC's website as a member of the senior leadership team, as were younger employees who were working in substantially similar management roles.

28. During her employment with PHMC, Dr. McCrae's assignments were micromanaged by Ms. Collins because of her age.

29. During her employment with PHMC, Ms. Collins told Dr. McCrae that she should write down and repeat back instructions from her. However, Ms. Collins never suggested that younger employees write down and repeat back instructions who were working in substantially similar management roles.

30. During her employment with PHMC, Dr. McCrae was seldom allowed to speak at meetings by Dr. McCrae, although younger employees who were working in substantially similar management roles were encouraged to participate in meetings.

31. Dr. McCrae was subjected to a pattern of disparate treatment based on her age.

32. Dr. McCrae was subjected to a hostile working environment because of her age.

33. The conduct of PHMC was so severe and/or pervasive that a reasonable person in Dr. McCrae's position would find the work environment to be hostile or abusive.

34. On March 5, 2023, Dr. McCrae filed a 19-page internal Complaint with the Legal Department and Jill Schulson ("Ms. Shulson"), Chief Operating Officer of PHMC, regarding her disparate treatment and hostile working environment.

35. Dr. McCrae was contacted by PHMC's Legal Department and told that an investigation would be conducted regarding her claims.

36. While the investigation was taking place, Ms. Shulson stopped by Dr. McCrae's office and commented to her, "you do know that I am friends with Celeste and Rachel" as Dr. McCrae listened incredulously.

37. Thereafter, Dr. McCrae repeatedly asked Ms. Shulson if she could arrange a facilitated meeting with Ms. Collins and her to discuss the Complaint for the purpose of repairing the relationship. Ms. Shulson refused to arrange the meeting.

38. On or about April 11, 2023, Dr. McCrae met with Ms. Shulson regarding the result of the investigation. At the meeting, Dr. McCrae was told her that, although several employees shared the concerns set forth in her Complaint, "nothing could be done" because her immediate supervisor was "held in high esteem by the CEO/President."

39. On April 25, 2023, Dr. McCrae was called into the office of Ms. Shulson and met with her and Chief Operating Officer, Lauren Lambrugo ("Ms. Lambrugo") and told that she was being "laid off." She was also told that her layoff had "nothing to do with the Complaint."

40. Defendant, PHMC never provided Dr. McCrae with reasonable notice or opportunity to be heard as to the true reasons for the termination of her employment.

41. Dr. McCrae's age was a motivating and determining factor in her termination.

42. Dr. McCrae's reporting of Ms. Fleischman's falsification of timesheets was a motivating factor in her termination.

43. PHMC unlawfully retaliated against Dr. McCrae by wrongfully terminating her under the pretext of being laid off.

44. The reasons proffered by PHMC for Dr. McCrae's termination were false and pretextual as she was, in fact, terminated in retaliation for her age discrimination allegations, her lawful expression of concerns and views concerning matters of public concern, and for her lawful in good faith, complaints about suspected fraud, waste, and mismanagement by the falsification of time records.

45. PHMC's actions were willful and malicious, entitling Dr. McCrae to an award of punitive damages.

46. Dr. McCrae also seeks statutory attorneys' fees and costs as applicable.

**COUNT I**
**ADEA - Age Discrimination**

47. Plaintiff, Dr. McCrae, incorporates the preceding paragraphs as if set forth herein in their entirety.

48. PHMC violated the ADEA by discriminating against Plaintiff by and through its authorized agents, servants, contractors, and/or employees acting within the course and scope of their employment with PHMC or authorized by PHMC in furtherance of his business, by denying her the same terms and conditions of her employment offered to younger similarly situated employees, denying Plaintiff the training opportunities provided to younger similarly situated employees, harassing Plaintiff because of her age,

subjecting Plaintiff to unfair and discriminatory discipline, denying Plaintiff the opportunity to work in an employment setting free of unlawful harassment, and unlawfully terminating Plaintiff, Dr. McCrae, because of her age and Whistleblowing regarding Rachel Fleischman's falsification of timesheets.

49. Members of upper management at PHMC had actual participation in, or willful indifference to, the wrongful conduct described herein.

50. PHMC's wrongful actions were especially egregious, warranting the imposition of punitive damages.

51. As a direct and proximate cause of PHMC's violations of the ADEA, Plaintiff has suffered and continue to suffer the damages and losses described herein.

52. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of PHMC's discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in her favor and against Defendant in an amount in excess of fifty thousand dollars ($50,000.00), plus pre and post judgment interest, costs, expenses, attorneys' fees, punitive damages and any other relief as the Court may deem just and proper.

**COUNT II**
**ADEA - Hostile Work Environment**

53. Plaintiff, Dr. McCrae, incorporates the preceding paragraphs as if set forth herein in their entirety.

54. Plaintiff was subjected to severe and pervasive harassment by, among others, her supervisor Celeste Collins and subordinate, Rachel Fleischman on the basis of her age.

55. At all relevant times, PHMC delegated the authority to Celeste Collins, and/or other PHMC management personnel, to control the working environment of Plaintiff.

56. At all relevant times, Celeste Collins, and/or other PHMC management personnel, abused that authority to create a severe and pervasive hostile working environment such that the conditions of Plaintiff's employment was altered and the working environment was intimidating, hostile, and abusive.

57. Celeste Collins, and/or other PHMC management personal refused to provide Plaintiff with adequate training and support to perform her job.

58. Celeste Collins, and/or other PHMC management personnel, provided training and support to younger, similarly situated employees.

59. Celeste Collins, and/or other PHMC management personnel, engaged in a systematic effort to harass Plaintiff by setting her up for failure, and disparaging her work.

60. PHMC was aware of the harassment, insubordination, and falsification of timesheets by Rachel Fleischman taking place because Plaintiff, Dr. McCrae, repeatedly complained about those things.

61. At all relevant times, PHMC was aware of the harassment by Ms. Collins and Ms. Fleischman, and/or other PHMC management personnel, and failed to take effective remedial measures to stop the harassment.

62. At all relevant times, PHMC negligently failed to take reasonable measures to prevent the harassment, insubordination, and falsification of timesheets from occurring, and such failure caused the harm suffered by Plaintiff.

63. As a further result of the illegal actions of Defendant, Plaintiff has suffered emotional pain, discomfort, frustration, embarrassment, inability to attend to usual daily activities and loss of enjoyment of life's pleasures in the past and will, for an indefinite time into the future, suffer the same, to his great detriment and loss.

64. Plaintiff has required medical treatment for anxiety and depression, as a result of the actions of Defendant and has and will into the future, incur medical expenses and/or obligations to repay lien holders to his great detriment and loss.

65. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of PHMC's unlawful acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in her favor and against Defendant in an amount in excess of fifty thousand dollars ($50,000.00), plus pre and post judgment interest, costs, expenses, attorneys' fees, punitive damages and any other relief as the Court may deem just and proper.

## COUNT III
## ADEA - Retaliation

66. Plaintiff, Dr. McCrae, incorporates the preceding paragraphs as if set forth herein in their entirety.

67. The Age Discrimination in Employment ("ADEA") prohibits employers from discharging any individual or otherwise discriminating against any individual with respect to compensation, terms, or privileges of employment, because of such individual's age. 29 U.S.C.S §623(a)(1)

68. The ADEA 29 U.S.C.S.§623(d) prohibits PHMC from taking a reprisal or retaliating against any person due to the fact that the person has complained of, or filed a complaint for, *inter alia*, age discrimination.

69. Plaintiff, Dr. Sharon McCrae, engaged in protected activity when she complained to PHMC about her good faith and reasonable belief that she was experiencing age discrimination at PHMC.

70. PHMC violated the ADEA by terminating Ms. McCrae in retaliation for complaining about and filing a Complaint for, *inter alia*, age discrimination.

71. Dr. McCrae has suffered damages as a result PHMC's termination of her employment in retaliation for her complaining about, and filing of, the Complaint alleging, *inter alia*, age discrimination.

72. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of PHMC's discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in her favor and against Defendant in an amount in excess of fifty thousand dollars ($50,000.00), plus pre and post judgment interest, costs, expenses, attorneys' fees, punitive damages and any other relief as the Court may deem just and proper.

## COUNT IV
## PENNSYLVANIA WHISTLEBLOWER LAW

73. Plaintiff, Dr. McCrae, incorporates the preceding paragraphs as if set forth herein in their entirety.

74. Defendant, PHMC is a "Public Body" as it is funded by and through a political subdivision and/or Commonwealth pursuant to 43 PA. Stat. Ann. § 1422.

75. Pennsylvania's Whistleblower Law provides:

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.
> 43 P.S. §1423(a).

76. On her first day of employment, Dr. McCrae noticed that Ms. Fleischman came to work late and left early and falsely indicated on the timesheet that she worked a full day.

77. Several days later, Dr. McCrae told her supervisor, Ms. Collins, that she was concerned that Ms. Fleischman's falsification of timesheets was a violation of Company policy and should be reported.

78. Ms. Collins raised her voice and stated angrily "it is not about policies. It is about relationship building."

79. Thereafter, Dr. McCrae wrote an email to Ms. Collins, confirming in writing Ms. Fleischman's falsification of timesheets.

80. Ms. Collins called Dr. McCrae into her office and furiously chastised her for "putting it in writing."

81. Ms. Collins warned Dr. McCrae that there would be adverse consequences because of placing the allegations in writing.

82. Thereafter, Dr. McCrae refused to approve Ms. Fleischman's timesheets.

83. One of Dr. McCrae's duties at PHMC was to report any suspected fraud, waste, mismanagement, or unethical conduct relating to the use or reporting of PHMC resources.

84. The theft of funds by Ms. Fleischman is prohibited conduct under State and Federal law and is a violation of Defendant, PHMC's policy and procedures.

85. Ms. Fleischman's theft of funds by falsification of timesheets happened over a substantial period of time which constitutes a substantial abuse and/or misuse of funds and resources under 43 PA. Stat. Ann. § 1422.

86. Upon information and belief, Ms. Fleischman was never reprimanded or disciplined for her falsification of timesheets.

87. Failure of Defendant, PHMC two, reprimand or discipline. Ms. Fleischman, for falsification of timesheets over a substantial period of time, constitutes substantial abuse, or loss of funds or resource deriving from funding by a political subdivision.

88. PHMC unlawfully retaliated against Dr. McCrae by wrongfully terminating her soon thereafter under the pretext of being laid off, in violation of the Pennsylvania Whistleblower Law.

89. Dr. McCrae's reporting of Ms. Fleischman's theft of funds by falsification of timesheets was a motivating factor in her termination.

90. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of PHMC's discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief:

a. Unpaid past and future wages and benefits;

b. Compensatory damages for Plaintiffs emotional pain and suffering;

c. Punitive damages;

d. Prejudgment interest;

e. Any other relief, the court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Respectfully submitted,

By: **Douglas K. Jenkins**

**DOUGLAS K. JENKINS, ESQ.**
djenkins@jenkinslawpractice.com
**C. REGINALD JOHNSON, ESQ.**
crjlaw@yahoo.com

123 S. Broad Street Suite 1544
Philadelphia, PA 19109-1029
T: (215) 981-3179

Date: February 1, 2024

Attorneys for Plaintiff

**VERIFICATION**

I, Dr. Sharon McCrae, Plaintiff in this matter, hereby verify that I am authorized to execute this Verification on my behalf. The factual averments in the within pleadings are based upon information that I have furnished to my counsel and information that has been gathered by my counsel related to this lawsuit. The language of the pleading is that of counsel and not mine. The language of the pleading, and to the extent that the statements therein are based upon information I have given to my counsel, are true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in making this verification. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsifications to authorities.

/s/Sharon McCrae
Dr. Sharon McCrae

Date: February 1, 2024

**CERTIFICATE OF SERVICE**

I, Douglas K. Jenkins, hereby certify that on this 1rst day of February 2024, I caused the foregoing Amended Complaint to be filed via the Electronic Case Filing (ECF) System and the document is available for viewing and downloading from the ECF System to the following attorneys of record who have consented to electronic service:

Andrea M. Kirshenbaum
akirshenbaum@littler.com

and

Megan Mason
mmason@littler.com

LITTLER MENDELSON, P.C.
Three Parkway 1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321

Attorneys for Defendant,
Public Health Management Corporation

/s/ Douglas K. Jenkins

Douglas K, Jenkins, Esquire