**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DR. SHARON MCCRAE,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC HEALTH MANAGEMENT CORPORATION,<br><br>Defendant. | Civil Action No. 2:23-cv-04803-GJP |

**DEFENDANT PUBLIC HEALTH MANAGEMENT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DR. SHARON MCCRAE'S AMENDED COMPLAINT**

Defendant Public Health Management Corporation ("PHMC" or "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Amended Complaint of Plaintiff Dr. Sharon McCrae ("Plaintiff"), as follows:

**PARTIES**

1. Admitted in part; denied in part. It is admitted that Plaintiff is an adult individual. PHMC lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence and therefore that allegation is denied.

2. Admitted.

3. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

4. Admitted in part; denied in part. It is admitted that Turning Points for Children is an affiliate of PHMC. The remaining averments of this paragraph are denied.

5. Denied.

6. Denied.

**JURIDICTION AND VENUE**

7. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, PHMC does not dispute that this Court has personal jurisdiction over it.

8. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, PHMC does not dispute that this venue is proper.

**ALLEGED FACTS**

9. Admitted.

10. Admitted in part; denied in part. It is admitted that Celeste Collins was Plaintiff's immediate supervisor. The remaining averments of this paragraph are denied.

11. Denied.

12. Denied. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff may have "noticed" regarding the time that Rachel Fleishman[1] arrived at the office and left the office and therefore the allegations in this paragraph are denied. By way of further response, Ms. Fleishman is an exempt employee and therefore is not paid on an hourly basis.

13. Admitted in part; denied in part. It is admitted that Plaintiff expressed concerns regarding Ms. Fleishman's time sheets. The remaining averments of this paragraph are denied.

---

[1] Plaintiff misspells Rachel Fleishman's name in the Amended Complaint. PHMC uses the correct spelling herein.

14. Admitted in part; denied in part. It is admitted that Plaintiff wrote an email to Ms. Collins regarding Ms. Fleishman's timesheets. The remaining averments of this paragraph are denied.

15. Admitted.

16. Admitted in part; denied in part. It is admitted that Ms. Fleishman was not disciplined with respect to her time sheets. It is denied that Ms. Fleishman "falsif[ied]" timesheets. By way of further response, Ms. Fleishman is an exempt employee and therefore is not paid on an hourly basis.

17. Admitted in part; denied in part. It is admitted that Plaintiff was informed that she would be scheduled to meet with senior management. The remaining averments of this paragraph are denied.

18. Denied. Plaintiff's allegations that she and "several" unidentified "senior management team members" made "repeated requests" and that meetings were scheduled "several months into her employment" which allegedly caused "significant delay" are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

19. Denied. Plaintiff's allegations that she was "only invited to participate in one senior management meeting," and that she was "summoned" to join one meeting in progress while unidentified "younger members" of the team were already present are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

20. Denied. Plaintiff's allegations regarding the alleged "late invitation," and specifically that it resulted in her not receiving unidentified "pertinent information" that was

purportedly "relevant to the performance of her job," are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

21. Denied.

22. Denied. Plaintiff's allegations that she received "less training" than unidentified "younger employees" who were purportedly working in "substantially similar management roles" are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

23. Denied. Plaintiff's allegations that she was subjected to "demeaning behavior" are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

24. Denied. Plaintiff's allegations that Ms. Fleishman "told numerous lies about [her]" which purportedly caused Ms. Collins to "reprimand" Plaintiff are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

25. Denied. Plaintiff's allegations that she was not given "the same access to important job[-]related information" that was allegedly given to unidentified "younger employees" who were purportedly working in "substantially similar management roles" are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

26. Denied. Plaintiff's allegations that she was not "included on the senior leadership email distribution list" "[d]uring her employment with PHMC" and did not receive unidentified "valuable and timely information" that was allegedly given to unidentified "younger employees" who were purportedly working in "substantially similar management roles" are vague, ambiguous

and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

27. Denied. Plaintiff's allegations that she was not "listed on PHMC's website" "[d]uring her employment with PHMC" as were unidentified "younger employees" who were purportedly working in "substantially similar management roles" are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

28. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

29. Denied. Plaintiff's allegations that Ms. Collins "never suggested" that unidentified "younger employees" working in "substantially similar management roles" "[d]uring her employment with PHMC" write down and repeat back instructions are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied. The remaining averments of this paragraph are denied.

30. Denied. Plaintiff's allegations that she was "seldom allowed to speak at meetings" "[d]uring her employment with PHMC" although unidentified "younger employees" who were purportedly working in "substantially similar management roles" were "encouraged to participate in meetings" are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied.

31. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

32. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

33. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

34. Admitted in part; denied in part. It is admitted that on March 5, 2023, Plaintiff submitted a 19-page internal complaint to Chief Legal Officer, Jill Schulson, and Chief Operating Officer, Lauren Lambrugo.[2] By way of further response, the March 5, 2023 internal complaint is a document in writing and any characterization inconsistent therewith is denied. The remaining averments of this paragraph are denied.

35. Admitted.

36. Denied.

37. Admitted in part; denied in part. It is admitted that Plaintiff requested a facilitated meeting with Ms. Collins after the investigation was completed. The remaining averments of this paragraph are denied.

38. Denied.

39. Admitted in part; denied in part. It is admitted that Plaintiff met with Ms. Schulson and Chief Operating Officer Lauren Lambrugo on April 25, 2023. It is also admitted that Plaintiff was informed that she was designated for layoff prior to submitting her internal complaint. It is denied that she was "called into the office of Ms. S[c]hulson."

---

[2] Plaintiff misspells Jill Schulson's name in the Amended Complaint. PHMC uses the correct spelling herein.

40. Denied. Plaintiff's allegations that she was "never provided . . . with reasonable notice or opportunity to be heard" as to the "true" reasons for her termination are vague, ambiguous and subject to more than one interpretation. To the extent that the allegations are comprehensible, they are denied. By way of further response, Plaintiff's layoff was for legitimate non-discriminatory and non-retaliatory reasons wholly unrelated to her age or any complaint of discrimination.

41. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

42. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

43. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

44. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied. PHMC specifically denies that it engaged in any unlawful actions. By way of further response, Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

45. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied. PHMC specifically denies that it engaged in any unlawful

actions. By way of further response, punitive damages are not available under the Age Discrimination in Employment Act ("ADEA").

46. Defendant admits only that Plaintiff seeks attorneys' fees and costs. PHMC denies that Plaintiff is entitled to any relief, including, but not limited to attorneys' fees and costs.

## COUNT I
## ADEA – ALLEGED AGE DISCRIMINATION

47. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

48. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

49. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

50. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied. By way of further response, punitive damages are not available under the ADEA.

51. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

52. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

## COUNT II
## ADEA – ALLEGED HOSTILE WORK ENVIRONMENT

53. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

54. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

55. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

56. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

57. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

58. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

59. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

60. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to

this paragraph, such averments are denied.

61. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

62. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

63. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

64. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

65. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

## COUNT III
## ADEA – ALLEGED RETALIATION

66. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

67. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

68. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

69. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

70. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

71. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

72. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required to this paragraph, such averments are denied.

**COUNT IV**
**PENNSYLVANIA WHISTLEBLOWER LAW**

73. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

74. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

75. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

76. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

77. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

78. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

79. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

80. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

81. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

82. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

83. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

84. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

85. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

86. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

87. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

88. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

89. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

90. Plaintiff's Whistleblower claim pursuant to the Pennsylvania Whistleblower Law has been dismissed with prejudice by stipulation of the parties. ECF No. 13.

**WHEREFORE**, PHMC denies that Plaintiff is entitled to any of the relief requested in her Amended Complaint (including subparts a. through e.), and respectfully requests that this Court enter judgment dismissing this Amended Complaint, with prejudice, and further that this Court award PHMC its costs and attorneys' fees incurred in defense of this matter and grant such other relief as may be just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

PHMC states the following affirmative and other defenses to the Amended Complaint. By including any matter herein, PHMC in no way assumes any burden whatsoever (including, but not limited to, burdens of proof, production, or persuasion) which it would not otherwise have. PHMC asserts that at all times Plaintiff has the burden of proving each and every element of Plaintiff's claims as to both liability and damages.

1. Plaintiff fails to state any claim upon which relief can be granted.

2. Plaintiff failed to exhaust her administrative remedies with respect to her claims.

3. Plaintiff failed to mitigate her damages, if any, and PHMC is entitled to a set-off to the extent of any mitigation.

4. PHMC would have taken the same actions regarding Plaintiff in the absence of any unlawful motivating factor, if such a factor existed.

5. The alleged adverse employment action, if any, with respect to Plaintiff were based on reasonable factors other than age, and Defendant acted at all times in good faith.

6. Plaintiff cannot show that but for her age she would not have been laid off.

7. PHMC exercised reasonable care to prevent and/or correct any discrimination, retaliation and/or harassment, if any such conduct occurred, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided or to avoid harm otherwise.

8. PHMC took reasonable steps to comply with antidiscrimination laws and any acts in violation of the statutes were in contravention of its good faith efforts to comply.

9. Plaintiff's claims are barred, in whole or in part, due to her own acts or omissions, which are a proximate cause of and/or contributed to her alleged loss and/or injuries.

10. PHMC reserves the right to raise all other defenses that may become available during discovery and any other proceeding in this action.

Dated: March 12, 2024

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

*s/ Andrea M. Kirshenbaum*
Andrea M. Kirshenbaum
akirshenbaum@littler.com
Megan C. Mason
mmason@littler.com
1601 Cherry St., Suite 1400
Philadelphia, PA 19120
Telephone: 267.402.3000

*Attorneys for Defendant Public Health Management Corporation*